[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR RECONSIDERATION
The petitioner whose brief had not been filed timely by inadvertence of his stand-by counsel has moved for reconsideration of the decision filed by the court. The court scheduled oral argument for the petitioner to be heard on the matter and also for the court to have the opportunity to review its decision with respect to the brief of the petitioner as well as his reply to respondent's post trial brief.
The petitioner does not dispute the factual basis of the court's decision but has presented in his argument constitutional claims of due process under North Carolina v. Pearce,395 U.S. 711 and equal protection. The court in its decision addressed them. The argument on Procedural Default was not a factor in the court's decision.
In his reply to respondent's post trial brief he takes issue with Judge Holzberg's remarks as to the period of commitment being able to shortened or elongated. He obviously misinterpretsState v. Metz, 230 Conn. 400 at p. 420 the court states "although subsection (f) [G.S. 17a-593] expressly requires the acquittee to bear the burden of establishing his right to a discharge by a preponderance of the evidence before expiration of the maximum period of commitment, it is unclear whether this subsection was intended to allocate the same burden when the State petitions for a period of additional commitment beyond the maximum term." The court concludes on p. 426 that "the presumption of the existence of facts warranting the defendant's commitment does not survive the expiration of the maximum term of criminal sanctions." Therefore if the State wishes an additional period of commitment beyond such maximum term the State must petition the court for a CT Page 16827 hearing "at which the State will bear the burden of proving the defendant's continued insanity and dangerousness."
For the above reasons the petitioner's motion to reopen the judgment of the court is denied.
Thomas H. Corrigan Judge Trial Referee